UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JASON DAVID TUCKER,
    Plaintiff,

v.                                      Case No. 1:24cv00008/AW/ZCB

MARTHA ALLISON HUNNICUTT,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

    On January 19, 2024, Plaintiff submitted a seven-page filing. (Doc. 1). The filing included a one-page "criminal complaint," a printout of several emails, a fax receipt, a letter from Defendant to Plaintiff acknowledging receipt of a fax, a copy of an Oath of Office signed by Chief Judge Mark Walker on December 7, 2012, and a page with a handwritten P.O. Box address and phone number. (*Id.*).

    The Court, assuming Plaintiff was attempting to initiate a lawsuit, informed Plaintiff that his filing was not a legally proper complaint under the Federal Rules of Civil Procedure. (Doc. 3). More specifically, the Court informed Plaintiff that under Rule 8(a) a complaint, at minimum, must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the

pleader is entitled to relief," and "a demand for the relief sought." (*Id.*). The Court noted that Plaintiff's filing cited no legal cause of action or statute that would give rise to a claim for relief. (*Id.* at 2). The Court also advised Plaintiff that if he wished to initiate a lawsuit, he needed to pay the $405.00 filing fee or submit a motion to proceed *in forma pauperis* (IFP). (*Id.* at 3-4).

In an effort to assist Plaintiff, the Court directed the Clerk of Court to provide Plaintiff with copies of this District's complaint and IFP forms. (*Id.* at 4). The Court gave Plaintiff twenty-one days to file a completed complaint form and either pay the $405.00 filing fee or file an IFP motion. (*Id.*). And the Court warned Plaintiff that a failure to comply with the order would likely result in a recommendation of dismissal. (*Id.*).

Plaintiff missed the deadline. Therefore, the Court ordered Plaintiff to show cause, within fourteen days, why the case should not be dismissed for failure to comply with an order of the court. (Doc. 4). The Court again notified Plaintiff that failure to comply with the Court's order would result in a recommendation of dismissal. (*Id.*). Plaintiff's deadline to respond to the show cause order passed on March 5, 2024.

(*See id.*).  Yet Plaintiff has not filed a complaint, paid the filing fee, filed an IFP motion, or otherwise responded to the Court's order.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for failure to follow a Court order.  *See* N.D. Fla. Loc. R. 41.1 (authorizing dismissal when "a party fails to comply with an applicable rule or a court order"); *see also Duong Thanh Ho v. Costello*, 757 F. App'x 912, 914-15 (11th Cir. 2018) (affirming dismissal where a *pro se* plaintiff failed to file an amended complaint as directed by the district court).

At Pensacola, Florida this 6th day of March 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.